IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GENERA11 LYON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-346 (MTT) |
| | ) |
| MCAFEE TOWERS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendants McAfee Towers Inc, Michael Colbert, Macon Housing Authority, and Catrina Rumph move the Court for judgment on the pleadings or in the alternative, to strike plaintiffs Genera11 Lyon and Carol Lyon's complaint.  Doc. 10.  In an effort to afford the plaintiffs, who are proceeding *pro se*, adequate notice and time to respond to the defendants' motion, the following notice is given.  If plaintiffs wish to respond, they must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1]

The Court evaluates a motion for judgment on the pleadings using the following standard.  Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  *Douglas*

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion for judgment on the pleadings (Doc. 10) to plaintiffs at their last-known addresses.  Thereafter, all notices or other papers may be served on plaintiffs directly by mail at their last-known addresses.

*Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).  A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion.  *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999).

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), and therefore also a Rule 12(c) motion for judgment on the pleadings, a complaint must contain sufficient factual matter "to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).[2]  At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up).  A Rule 12(c) motion for judgment on the pleadings must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (cleaned up).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the factual allegations.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

---

[2] "[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).  Evidence is undisputed if its authenticity is unchallenged.  *Baker v. City of Madison, Ala.*, 67 F.4th 1268, 1276 (11th Cir. 2023) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

If plaintiffs do not timely respond to the motion for judgment on the pleadings, the Court may dismiss their claims against the defendants.  The plaintiffs may submit their argument to this Court by filing a brief in opposition to the defendants' motion.  Unless the Court has granted prior permission, any brief should not exceed 20 pages.  M.D. Ga. L.R. 7.4.

**SO ORDERED**, this 4th day of September, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT