# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **GENERA11 LYON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-346 (MTT) |
| | ) |
| **MCAFEE TOWERS, INC.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pro se plaintiff Genera11 Lyon[1] filed this action on July 15, 2025 in the Superior Court of Bibb County bringing claims for breach of contract, fraud in the inducement, breach of the warranty of habitability, libel/slander, and Title VII discrimination. ECF 1-2. The defendants removed this action on August 20, 2025, asserting that "the Court has original jurisdiction over Plaintiffs' claims of alleged violations of Title VII." ECF 1 at 2. Defendants McAfee Towers Inc., Michael Colbert, Macon Housing Authority, and Catrina Rumph[2] moved for judgment on the pleadings on September 2, 2025. ECF 10.

---

[1] The complaint purports to name Carol Lyon as a plaintiff, but Carol did not sign the complaint. ECF 1-2. Accordingly, the Clerk of Court is **DIRECTED** to docket the complaint as being brought solely by Genera11, the only plaintiff who signed the pleading.

To the extent Genera11 is or was attempting to assert claims on Carol's behalf, he cannot. *See FuQua v. Massey*, 615 Fed. App'x 611, 612 (11th Cir. 2015) ("The right to appear *pro se* … is limited to parties conducting their own cases, and does not extend to non-attorney parties representing the interests of others.") (internal citations and quotations omitted); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court.").

[2] It is not clear why defendant J. Thomas MacAfee was not expressly included in the defendants' motion for judgment on the pleadings. ECF 10. But the complaint does not identify who he is and certainly does not state a Title VII discrimination claim against him for the same reasons discussed as to the moving

The Court sent a Griffith Notice on September 4, 2025.[3] ECF 13. For the reasons that follow, the motion for judgment on the pleadings (ECF 10) is **GRANTED**.

## I. STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999).

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), and therefore also a Rule 12(c) motion for judgment on the pleadings, a complaint must contain sufficient factual matter "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory

---

defendants. *See Courboin v. Scott,* 596 F. App'x 729, 732 (11th Cir. 2014) ("A district court may on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." (citing *Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1537 (11th Cir. 1987))).

[3] The Court attempted to send the Griffith Notice to both Genera11 and Carol, but Carol's was returned as undeliverable. ECF 16; 17.

allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up). A Rule 12(c) motion for judgment on the pleadings must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). Where there are dispositive issues of law, a court may dismiss a claim regardless of the factual allegations. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

## II. DISCUSSION

### A. Title VII Claim

Title VII of the Civil Rights Act of 1964 prohibits certain workplace discrimination. 42 U.S.C. § 2000e-2. At the pleading stage, a plaintiff claiming disparate treatment must provide enough factual matter, taken as true, to plausibly suggest intentional discrimination. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). "At the very least, one must allege an employment relationship to properly plead a Title VII claim." *Williams v. Brooks Trucking Co.*, 757 Fed. App'x 790, 794 (11th Cir. 2018) (citing *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010)).

Genera11 alleges that "'Defendant(s)' acted discriminatory towards 'Plaintiff(s)' Genera11 and Carol Lyon religious practices." ECF 1-2 ¶ 47. While it is not clear what Title VII theory Genera11 is proceeding under, his conclusory allegation sounds in disparate treatment.[4] But there is not a single factual allegation relating to religious

---

[4] "To prevail on a disparate treatment claim, a Title VII plaintiff must demonstrate that an employer intentionally discriminated against her on the basis of a protected characteristic." *Equal Employment Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1024 (11th Cir. 2016) (citing *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)).

discrimination, or even religious practices, in the complaint. *See* ECF 1-2. And Genera11 does not allege that he was employed by any of the defendants or provide any other facts relating to an employment relationship. *Id*.

Accordingly, Genera11 has failed to state a claim for Title VII discrimination, and this claim is **DISMISSED without prejudice.**

### B. State Law Claims

Because the Court has dismissed all federal claims over which it had original jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c). All claims brought pursuant to Georgia law are **DISMISSED without prejudice.**

### III. CONCLUSION

The motion for judgment on the pleadings (ECF 10) is **GRANTED** and Genera11's claims as to all defendants are **DISMISSED without prejudice.**

**SO ORDERED**, this 10th day of November, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
